# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10043
Summary Calendar

TIMOTHY R. COLLINSWORTH,

Plaintiff–Appellant,

v.

AIG LIFE INSURANCE COMPANY,

Defendant–Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
Dallas Division
USDC No. 3:04-CV-1397

---

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Collinsworth appeals the district court's denial of attorney's fees in this ERISA[1] case. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 29 U.S.C. §§ 1001, et seq.

I

Timothy Collinsworth enrolled in a long-term disability group insurance plan insured by AIG Life Insurance Company and provided by his employer, Tyco International (US). He had two policies under the plan that provided a total benefit of $180,000. In accordance with 29 U.S.C. § 1022, Tyco gave Collinsworth a summary plan description (SPD) that described the policies.

Collinsworth fell on his left side in 2001, after the policies had become effective. He suffered a bruise and excruciating pain. The next day, he sought emergency medical treatment from Dr. Wong. Dr. Wong diagnosed Collinsworth with a contusion to his left elbow and cleared Collinsworth to return to work with no restrictions. Collinsworth also saw his regular physician, Dr. Goyal. Collinsworth was placed on short term disability after he continued to experience severe pain.

Collinsworth subsequently applied for benefits under both policies. He submitted a proof of loss form, which described his condition after the fall. Along with the form, Collinsworth turned in notes from Dr. Goyal, which described Collinsworth's pain and concluded that Collinsworth was "totally disabled." When AIG reviewed the claim and Collinsworth's medical history, it discovered that Collinsworth had experienced a left-hemispheric stroke six years earlier. As a result of the stroke, the left side of Collinsworth's body was partially paralyzed, and Collinsworth had trouble sitting, standing, and walking. After the stroke, he also suffered from central pain syndrome and depression.

After learning of the stoke and its complications, AIG asked Dr. Seals (a medical doctor) and Dr. Horwath (a psychiatrist) to examine Collinsworth. Dr. Seals concluded that the fall caused no detectable trauma to Collinsworth's nervous system, and that any neurological deficit was "linked to his stroke." Seals also reported that Collinsworth was able to perform all activities for which he was qualified. Dr. Howarth noted that Collinsworth had been counseled for

depression several months prior to the fall. Based on Collinsworth's history of recurrent major depression, Howarth concluded that Collinsworth was not totally and permanently disabled as a result of the fall. AIG denied Collinsworth's claim based partially on these reports; it interpreted the plan to contain an exclusion for preexisting conditions. Collinsworth appealed the denial to AIG's ERISA Appeals Committee, which affirmed the decision.

Collinsworth then filed this lawsuit in the Northern District of Texas. The parties filed cross motions for summary judgment. The court denied AIG's motion and granted Collinsworth's motion in part. It disagreed with AIG's interpretation of the plan, concluding that the plan does not contain a preexisting condition exclusion. It also concluded that AIG's factual findings were insufficient to support its denial under this interpretation. The court therefore remanded for AIG to reconsider its decision in light of the new plan interpretation. The court denied Collinsworth's request for attorney's fees, but it also stated that Collinsworth could renew the request after remand.

On remand, AIG reopened its investigation and again denied Collinsworth's claim. Collinsworth appealed the second denial to the appeals committee. This time, the committee voted to reverse the denial and to pay the claim in full.

Collinsworth then moved the district court to award attorney's fees, interest, and court costs. The district court awarded interest and court costs, but it denied the request for attorney's fees. Collinsworth appeals this denial.

We review the district court's denial of attorney's fees for abuse of discretion.[2] In addition, we defer to the district court's underlying factual findings unless they are clearly erroneous.[3]

---

[2] Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

[3] FED. R. CIV. P. 52(a); Brock v. El Paso Natural Gas Co., 826 F.2d 369, 372 (5th Cir. 1987).

## II

### A

ERISA gives the district court "discretion [to] allow a reasonable attorney's fee . . . to either party."[4]  In Bowen, we enumerated five factors that district courts should consider in deciding whether to award attorney's fees under ERISA:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.[5]

We have described these factors as "guidelines" and explained that "[n]o one of these factors is necessarily decisive, and some may not be apropos in a given case."[6]

Collinsworth challenges the district court's application of these factors in several ways.  His main contention is that the court inadequately explained its denial.  In its initial order remanding to AIG, the court cited the correct Bowen standard.  It then stated, "Having considered those factors, the Court determines not to award attorneys' fees to Plaintiff."  After remand, the district court again denied attorney's fees.  This time, it listed the Bowen factors and made specific factual findings under each factor.  Collinsworth claims the district court's analysis constituted abuse of discretion.

---

[4] 29 U.S.C. § 1132(g).

[5] Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980) (footnote omitted).

[6] Id.

Although the district court did not explicitly cite the findings that supported its first denial of attorney's fees, it did recite the Bowen factors and state that it considered them. Moreover, the court's implicit findings are sufficient to support its decision. Most importantly, nothing in the court's opinion suggests that AIG acted in bad faith. The court stated that several of the defendant's factual findings supported its denial of benefits, especially under the defendant's interpretation of the plan. Similarly, it later concluded that some evidence supported the defendant's denial. The court also found that the defendant did not make its original decision with undue delay.

The court similarly indicated that the defendant's construction of the SPD was in good faith. First, it noted that "a reasonable plan participant could not read the summary plan description and know with any degree of certainty whether his accident coverage was restricted by specific previous conditions." It stated that this "ambiguity . . . must be resolved in the policyholder's favor." It made a similar determination about the meaning of the word "result" within the SPD. The SPD requires that a disability must come about "as a result" of a covered accident but does not state whether the accident must be a "direct and independent cause" of the disability. The court stated that the "'as a result' language is ambiguous" and similarly construed it in the policyholder's favor. Finally, the SPD excludes losses "caused by or resulting from" certain things. The court determined that "'caused by or resulting from' is ambiguous" and construed that phrase in Collinsworth's favor. Thus, although the court ultimately disagreed with AIG's construction of the plan, it did not indicate that AIG's interpretation was done in bad faith; to the contrary, the court's discussion supports the opposite inference.

The district court's memorandum also indicates that, although Collinsworth ultimately prevailed, AIG's position nevertheless had merit. The determinations noted above show that AIG's interpretation of the plan was

plausible, and that AIG produced evidence to support its decision. Moreover, the court decided to remand to AIG, which it likely would not have done if it found AIG's position meritless.

Furthermore, the Bowen analysis in the district court's second opinion relieves any concerns we might have about the first opinion's analysis. After remand, the court explicitly found that (1) AIG "did not act in bad faith or otherwise act culpably"; (2) "an award of attorney's fees in this case would [not] deter improper conduct of [AIG] or others"; (3) Collinsworth did not seek "to benefit others," and the case did not "resolve[] a significant legal question under ERISA"; and (4) although Collinsworth ultimately prevailed, AIG's factual findings did not constitute an abuse of discretion. Assuming these findings are not clearly erroneous—an assumption we test momentarily—the district court's Bowen analysis did not constitute an abuse of discretion.

B

Collinsworth also argues, however, that the district court's findings are clearly erroneous. First, he contends that the district court committed clear error in finding a lack of bad faith.[7] He specifically claims that bad faith is evident from AIG's reliance on definitions in the policy rather than definitions in the SPD, and its claim that Collinsworth's position was a "red herring." While this evidence arguably tends to show that AIG acted in bad faith, other evidence—cited above—tends to show good faith. Given that the totality of the evidence does not unequivocally show bad faith, the district court's finding is not clearly erroneous.

Collinsworth also claims clear error in the district court's finding that an award would have little deterrence value. He claims that a fee award would deter other administrators from "hiding behind a policy requirement in denying

---

[7] Although Collinsworth complains that the court "abused its discretion" in making this finding, we review the district court's factual findings for clear error.

the claims of unsuspecting employees." But this explanation assumes that AIG was acting in bad faith, rather than acting upon a reasonable (but legally incorrect) plan interpretation. An award of attorney's fees seems unlikely to deter administrators who make a good faith, but legally incorrect, plan interpretation. Thus, the district court's finding is not clearly wrong.

Collinsworth also assails the district court's finding that this suit did not seek to benefit all plan beneficiaries or to resolve a significant legal question. According to Collinsworth, the "suit did seek to benefit other beneficiaries of an ERISA plan, since the plan in question was an ERISA sponsored employer benefit plan." According to this logic, however, virtually every ERISA lawsuit would satisfy this factor. This case does not appear to provide any special benefit to other beneficiaries, and the district court's finding to that effect is not clearly erroneous.

Finally, Collinsworth argues that the merits of the case were strongly on his side. As noted above, although Collinsworth's position ultimately prevailed, AIG's position nevertheless had merit. The district court's finding on this factor is not clearly wrong.

Because the district court's factual findings are not clearly erroneous and adequately support its decision, we conclude that the court did not abuse its discretion.

C

Collinsworth also argues that the district court should have awarded attorney's fees because Collinsworth "believes that where there is not a near equivalence of merit, the party who presents the side with the greater merit is entitled to a favorable exercise of discretion, particularly if the other factors weigh in the party's favor." We reject this argument for two reasons. First, Collinsworth's "rule" is not the law. Collinsworth presents no case with this holding. The law of the Fifth Circuit is that the district court has discretion to

award attorney's fees and should take guidance from the five factors set forth in Bowen.[8]  Second, even if Collinsworth's rule were the law of this Circuit, the district court did not make the finding it requires—that "there is not a near equivalence of merit" in the parties' positions, and that "the other factors weigh in" his favor.

## D

Finally, Collinsworth claims the district court erred in two related ways: first, by not analyzing whether AIG abused its discretion in construing the plan's terms or denying the claim; and second, by stating in the second opinion that it had previously concluded that AIG did not abuse its discretion.  The first argument is unavailing.  In an ERISA case, the district court reviews the administrator's interpretation of plan terms or denial of benefits for abuse of discretion only if the plan gives the administrator discretion to do so.[9]  This court "employ[s] a two-part test when applying the abuse of discretion standard."[10]  First, we "identify the legally correct interpretation of the plan."[11]  If the administrator's interpretation is legally incorrect, then under the second step "we determine whether the administrator's decision constitutes an abuse of discretion."[12]  If, however, the plan does not provide such discretion, the court reviews the administrator's determinations de novo.[13] Regardless of whether the

---

[8] Id.

[9] Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

[10] Worthy v. New Orleans S.S. Assoc./Int'l Longshoremen's Assoc., AFL–CIO Pension Plan, 342 F.3d 422, 428 (5th Cir. 2003).

[11] Id. (citing Wildbur v. ARCO Chem. Co., 974 F.2d 631, 637 (5th Cir. 1992)).

[12] Id.

[13] Wildbur, 974 F.2d at 636.

plan gives the administrator discretion, the court reviews the administrator's factual findings for abuse of discretion.[14]

Collinsworth complains that after the district court found AIG's interpretation legally incorrect, it was "obligated" to determine whether AIG abused its discretion in construing plan terms or denying benefits. The district court's approach was not erroneous. The court concluded that the plan does not give the administrator discretion,[15] and it therefore reviewed the administrator's decisions de novo. Because the plan gave AIG no discretion to construe plan terms or to deny benefits, the district court did not err by failing to determine whether AIG abused its discretion in these areas. Furthermore, even if the district court had reviewed for abuse of discretion and found that AIG abused its discretion, that finding would not require the district court to award attorney's fees. We have held that "a district court may award attorneys' fees upon finding an abuse of discretion."[16] But the decision whether to award attorney's fees is still in the district court's discretion, subject to its analysis of the Bowen factors.[17]

Collinsworth's second argument is equally unavailing. As noted above, the district court interpreted the plan de novo, and hence it had no opportunity to conclude that AIG's interpretation was an abuse of discretion. Regarding AIG's factual findings, the district court purported to conduct an abuse of discretion review, and it did not conclude that AIG abused its discretion. Thus, even if the

---

[14] Pierre v. Conn. Gen. Life Ins. Co/Life Ins. Co. of N. Am., 932 F.2d 1552, 1553 (5th Cir. 1991).

[15] Neither party challenges this conclusion.

[16] Lain v. UNUM Life Ins. Co. of Am., 279 F.3d 337, 348 (5th Cir. 2002) (emphasis added).

[17] Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).

district court did not explicitly find no abuse of discretion, its statement in the second opinion accurately reflects the substance of the earlier opinion.

*       *       *

We AFFIRM the district court's denial of attorney's fees.